UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRYAN FERRERO, on behalf of
himself and all others similarly
situated,

    Plaintiff,

vs.

NATIONWIDE TRANSPORT
SERVICES, LLC,

    Defendants.
                                  /

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, BRYAN FERRARO ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, sues the Defendant, NATIONWIDE TRANSPORT SERVICES, LLC, a Florida limited liability company, and for his causes of action, declares and avers as follows:

1. Plaintiff brings this action on behalf of himself and all others similarly situated to recover from the Defendant unpaid minimum wages and overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq*., and specifically under 29 U.S.C. § 216(b).

2. Plaintiff is a citizen and resident of Broward County, Florida, and within the jurisdiction of this Court.

3. Defendant, NATIONWIDE TRANSPORT SERVICES, LLC, is a Florida limited liability company, doing business in Florida, and within the jurisdiction of this Court.

4. Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees of Defendant, for compensation and other relief under the

Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter referred to as "the FLSA").

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. At all times material hereto, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

7. At all times material hereto, during his employment with Defendant, Plaintiff was engaged in interstate commerce.

8. The additional persons who may become plaintiffs in this action, and who Plaintiff believes are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former employees of Defendant, who are or were subject to the payroll practices and procedures described in the paragraphs below.

9. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-19 in that Plaintiff and those current and former similarly situated employees, while employed by Defendant, performed hours of service for Defendant during one or more workweeks, for which they failed to properly receive minimum wages and overtime premiums.

10. Plaintiff, and those current and former employees similarly situated to Plaintiff, are and were, for varying periods of time, improperly classified as independent contractors.

11. In the course of his employment with the Defendant, Plaintiff, and other current and former employees similarly situated to him, worked the number of hours required of them, in excess of forty (40) per workweek and in fact typically in excess of sixty (60) hours per workweek, but were not paid a proper minimum hourly wage or

overtime premiums for any hours worked in excess of forty (40).

12. The pay practices of the Defendant, as described in the above paragraphs, violated the FLSA by failing to pay proper minimum wages and overtime compensation to Plaintiff, and those other current and former employees similarly situated to Plaintiffs, for those hours worked per workweek, including in excess of forty (40).

13. During the three (3) years preceding the filing of this lawsuit, Defendant have (1) employed and continue to employ individuals similarly situated to Plaintiff; (2) classified and continue to classify these individuals as independent contractors for certain periods of time; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these individuals, including in excess of forty (40) during one or more workweeks, for which Defendant failed to pay proper minimum wages and/or overtime premiums for those hours worked in excess of forty (40). Each employee who performed and/or continues to perform services for Defendant, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

## COUNT I - RECOVERY OF UNPAID OVERTIME

14. Plaintiff re-avers and re-alleges all allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

15. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated employees are similarly owed time and one-half, calculated properly, for those overtime hours they worked

3

and for which they were not properly paid.

16. By reason of the willful and unlawful acts of the Defendant, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurred costs and reasonable attorneys' fees.

17. As a result of the Defendant's violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiff, BRYAN FERRARO, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Defendant for the overtime compensation payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES

18. Plaintiff re-avers and re-alleges all allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

19. Plaintiff is entitled to be paid his statutory minimum wages for each hour worked per workweek. All similarly situated employees are similarly owed minimum wages, for those hours they worked and for which they were not properly paid.

20. By reason of the willful and unlawful acts of the Defendant, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurred costs and reasonable attorneys' fees.

21. As a result of the Defendant's violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiff, BRYAN FERRARO, and those similarly situated to him,

4

who have or will opt-in to this action, demand judgment against Defendant for the minimum wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: January 30, 2017
       Boca Raton, FL

Respectfully submitted,

*/s Daniel R. Levine*
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
E-mail: DRL@PBL-Law.com
Padula Bennardo Levine, LLP
101 Plaza Real South, Suite 207
Boca Raton, FL 33432
Telephone: (561) 544-8900
Facsimile: (561) 544-8999
Counsel for Plaintiff